## CIRCUIT COURT OF THE CITY OF RICHMOND

George W. Chirkinian

v.

Liberty Mutual Ins. Co.
and Lauren Early

January 12, 1987

Case No. LH-1018-4

By JUDGE MELVIN R. HUGHES, JR.

This case [was] tried to a jury for two. days on September 16 and 17, 1986. After the jury returned its verdict for plaintiff in the amount of $100,000.00 the Court took defendants' post trial motions under advisement and provided for a briefing schedule.

A jury verdict ought not be disturbed unless it is plainly wrong or without credible evidence to support it, § 8.01-430, Code of Virginia of 1950, as amended. In considering such questions, the Court should not attempt to substitute its judgment for that of the jury's. It is the jury's function to reconcile discrepancies and conflicts in the evidence when it is subject to logical interpretation. *Raisovich v. Giddings*, 214 Va. 485 (1974).

The case revolves around what the jury found to be a defamatory statement concerning plaintiff, a chiropractor, made by Liberty Mutual Insurance Company's claims adjuster in a conversation she had with plaintiff's patient.

Of the issues presented, the one on damages is dispositive.

The jury's verdict as to liability is based on sufficient evidence on proper instructions.

Plaintiff testified he was angered and upset for a month or so and he was ashamed and embarrassed, but

it was difficult for him to tell how the statement affected him. There is no evidence that plaintiff suffered physical manifestations or required or sought medical treatment resulting from distress, humiliation or embarrassment. The evidence was that plaintiff suffered no loss of business, and that since the incident his business has grown and his professional standing has enhanced. What effect the statement had on Collins and his three relatives, the only persons who heard about it, was passing, certainly as to Collins as he continued his medical contacts with plaintiff well after the statement.

The amount of the award is vastly disproportionate to the loss sustained and is therefore excessive as a matter of law, *The Gazette v. Harris,* 229 Va. 1, 47-48 (1985). It appears the jury either misconceived or misconstrued the facts or the law in the case such that defendant is entitled to have the plaintiff put on terms to accept a remittitur or face a new trial on the issue of damages, Section 8.01-383.1, Code of Virginia of 1950, as amended, *Edmiston v. Kupsenel,* 205 Va. 198, 202 (1964), *Rawle v. McIlhenny,* 163 Va. 735, 744 (1934).

Accordingly, I have this day entered an order requiring plaintiff to remit $65,000 of the verdict award which he may accept under protest or else submit to a new trial on the single issue of damages. Counsel for the plaintiff shall advise the Court of plaintiff's position within ten days of January 13, 1987.